UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harold David Yaritz,  Civ. No. 22-2042 (PAM/DTS)

                Plaintiff,

v.  **MEMORANDUM AND ORDER**

DOC Commissioner Paul Schnell, Deputy
Commissioner Michelle Smith, Warden
Bosch, Victor Wanchena, Stephanie
Huppert, and Westphal,

                Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Harold David Yaritz's Second Amended Complaint. For the following reasons, the Motion is granted and this matter is dismissed.

**BACKGROUND**

Yaritz is an inmate currently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota. Correctional facilities in Minnesota restrict inmates' access to certain materials deemed contraband. Relevant here, Minnesota Department of Corrections policy characterizes as contraband all "published and non-published sexually explicit materials that contain depictions or written descriptions of prohibited content including . . . [n]udity." (Wright Aff. (Docket No. 41) Ex. 1.) The policy defines "Nudity" as

> the depiction of human male or female genitals, anus, or pubic area or of the female breast or a substantial portion of the breast below the top of the nipple, with or without see-through covering, such as "pasties," lace, mesh, and body paint through which the covered area is showing; coverings emphasizing the

> depiction of human genitals; or tight-fitting clothing through which the contours of the genitals are clearly visible. This definition does not include published material containing nudity illustrating medical, educational or anthropological content.

(Id.)

Yaritz, by his own admission, collects photographs and images that implicate the Policy. He alleges that he was allowed to maintain a significant photo collection at several different facilities, but when he was transferred to MCF-Faribault, his photos were suddenly deemed "contraband" and were removed from his possession. He challenges as biased the decision to remove the photos and also asserts that the Policy in question is unconstitutional.

Yaritz's Second Amended Complaint contains significant narration, but no claims. He apparently believes that the allegations in the Second Amended Complaint are a continuation of allegations raised in previous versions of his pleading. But Magistrate Judge Schultz previously disabused Yaritz of this idea, informing him that any amended pleading "would supersede the original complaint, not supplement it." (Docket No. 5 at 4.) Indeed, Magistrate Judge Schultz told Yaritz that his amended complaint "must contain all the information he wants to raise in a single, standalone document." (Id.) While this Court construes pro se pleadings liberally, it will not hunt through previous filings in an attempt to discern claims that Yaritz did not raise in his operative pleading, which is the Second Amended Complaint. Those are the only allegations before the Court, and those are the allegations Defendants challenge with their Motion to Dismiss.

2

**DISCUSSION**

Defendants first argue that Yaritz's pleading violates Rule 8—it is not a "short and plain statement" of his claims, and it utterly fails to set forth what each individual Defendant did or did not do that ostensibly violated Yaritz's rights. The pleading does not mention most of the individually named Defendants other than in the document's caption. Yaritz's claims are subject to dismissal on this basis alone. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (affirming dismissal of prisoner complaint that "failed to allege facts supporting any individual defendant's personal involvement or responsibility for the [alleged constitutional] violations").

**A.     Failure to State a Claim**

Despite Yaritz's failure to set forth any specific claims, it appears that he raises two challenges to the DOC policy defining nudity. One challenge is a facial attack on the policy itself, contending that restricting inmates' access to materials depicting nudity is contrary to the Constitution.[1] Yaritz's second challenge is to the policy as applied to him, claiming that the way MCF-Faribault staff are interpreting the policy as to Yaritz's collection is biased and retaliatory.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Yaritz's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed,

---

[1] Yaritz also argues at length that the policy at issue violates the law of God. Claims regarding the law of God are not cognizable in federal court.

they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

1.      **Facial Challenge**

To determine whether the DOC's mail policy on its face comports with the First Amendment, the question is whether the policy is "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The Supreme Court has set forth several factors to aid in making this determination:

> (1) whether a valid, rational connection exists between the regulation and the legitimate interest asserted to justify it; (2) whether alternative means of exercising the right remain available to inmates; (3) the extent to which accommodating the asserted right will impact guards and other inmates, as well as allocation of prison resources; and (4) whether ready alternatives to the regulation at issue are apparent.

Wickner v. McComb, No. 09cv1219 DWF/JJK, 2010 WL 3396918, at *3 (D. Minn. July 23, 2010) (citing Turner v. Safley, 482 U.S. 78, 89-91 (1987)). It is Yaritz's burden to demonstrate that the policy is invalid. Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

Every court to have considered whether the DOC's sexually explicit contraband policy is rationally related to a legitimate penological interest has concluded that it is. See, e.g., id. at *6; Smith v. Roy, No. 10cv2193 JRT/TNL, 2012 WL 1004985, at *9 (D. Minn.

4

Jan. 25, 2012); see also Salam v. Delaney, No. 1:12cv1040, 2014 WL 4961185, at *11 (W.D. Ark. Sept. 30, 2014) (finding comparable Arkansas policy rationally related to legitimate penological interests). The first Turner factor is satisfied.

The second factor is whether Yaritz has an alternative means of exercising his First Amendment rights. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Leonard v. Nix, 55 F.3d 370, 374 (8th Cir.1995) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). Yaritz does not claim that he has no access to photographs, but rather that some of the photographs he wishes to collect violated the policy. Given the conclusion above that the policy is rationally related to the prison's legitimate penological interests, Yaritz has sufficient alternative means of exercising those First Amendment rights that are not inconsistent with the prison's interests. This Turner factor is likewise satisfied.

The rationale behind the policy is self-evident. As courts have noted, a restriction on the possession of certain images protects the institution's safety and security by "preventing inmates from acting out sexual aggression toward other inmates or prison personnel." Wickner, 2010 WL 3396918, at *4 (citing Dawson v. Scurr, 986 F.2d 257, 260 (8th Cir. 1993)). The prison's interest in security and rehabilitation are "addressed by a ban on sexually explicit publications that are bartered by prisoners and cannot be kept away from sex offenders once in the prison." Smith v. Roy, No. 10-2193 JRT/TNL, 2012 WL 1004985, at *9 (D. Minn. Jan. 25, 2012). The third Turner factor is satisfied.

Finally, Yaritz does not propose an alternative policy that could address the legitimate objectives of the institution while promoting safety, security, and the facility's rehabilitation goals. Given the conclusion that the policy is necessary to promote the prison's objectives, it is unlikely that an alternative policy could accomplish those goals. The Turner factors all weigh in favor of a finding that the policy comports with the First Amendment. The Motion to Dismiss Yaritz's facial challenge is therefore granted.

### 2. As-Applied Challenge

At this stage of the litigation, Yaritz's as-applied challenge fails to state a claim if it does not set forth plausible facts that DOC officials did not have a legitimate reason for applying the contraband policy in the particular circumstances of Yaritz's case. Wickner, 2010 WL 3396918, at *4.

The Turner analysis applies to as-applied challenges as well as facial challenges. "The starting point for Plaintiff's as-applied challenge to restriction on his access to non-published nude photographs, much like for his facial challenge, is whether the regulation bears a rational relationship to a legitimate penological interest and the four *Turner* factors for reasonableness." Wickner, 2010 WL 3396918, at *6. Yaritz's conviction bolsters the conclusion that the policy is constitutional as applied, and Yaritz is incorrect that the details of his conviction are irrelevant. Yaritz was convicted of an extremely serious sexual offense involving a minor female—an offense involving Yaritz drugging, sexually assaulting, and taking sexually explicit photographs and videos of his sexual assault while the victim was unconscious. See State v. Yaritz, 791 N.W.2d 138 (Minn. Ct. App. 2010).

6

The details of Yaritz's offense inform the DOC officials' decisions when applying the policy to his possession of sexually explicit material.

When determining the merits of his as-applied challenge, the question is not whether the photographs Yaritz possessed violated the policy. See Wickner, 2010 WL 3396918, at *6. Rather, "the proper question is whether in the particular circumstances of [Yaritz's] case, prison officials had legitimate reasons to apply the governing regulation." Id. (quoting Clark v. Mason, No. C04–1647–JCC, 2007 WL 2417154, at *2 (W.D. Wash. Aug. 20, 2007)). Yaritz has not plausibly pled that the decision to apply the policy to him was informed by anything other than the terms of the policy, the details of his conviction, and the prison authorities' legitimate belief that the possession of materials that violate the policy would not assist in Yaritz's sex-offender rehabilitation. Although he believes that the application of the policy reflects bias on the part of prison officials, he has not plausibly pled any facts to support that conclusion. See Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (noting that the Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'") (quoting Iqbal, 556 U.S. at 678).

Because Yaritz fails to set forth any facts from which the Court could conclude that the application of the policy to him was unconstitutional, Yaritz has not successfully pled his as-applied challenge and the Motion to Dismiss this claim is granted.

3.   **Due Process**

Yaritz also claims that the policy, or its application to him, violates his due-process rights. Because he does not challenge the procedures in place at the prison regarding

7

application of the policy, the Court will interpret his pleadings as attempting to raise a claim that the policy violates Yaritz's substantive due-process rights.

To successfully allege a violation of substantive due process, a plaintiff must allege "that a fundamental right was violated and that [the Defendants'] conduct shocks the conscience." Stockley v. Joyce, 963 F.3d 809, 818 (8th Cir. 2020) (quotation omitted). "Conduct that 'shocks the conscience' requires more than showing 'that the government official's behavior meets the lowest common denominator of customary tort liability . . . . Only the most severe violations of individual rights that result from the brutal and inhumane abuse of official power rise to this level.'" Id. (quoting White v. Smith, 696 F.3d 740, 757-58 (8th Cir. 2012)). Whether conduct is conscience-shocking is a question of law. Id. Other cases have held that a prisoner's difficulty in accessing photographs or other media is not conscience-shocking. Braun v. Walz, No. 20cv333 (DSD/BRT), 2021 WL 268321, at *10 (D. Minn. Jan. 27, 2021) (citing cases).

Yaritz has not pled any conscience-shocking behavior. At most, the facts he alleges establish that he has been allowed to possess certain materials at some institutions but that staff at his current institution have deemed those materials contraband under the institution's policy on nudity. This behavior is not a violation of Yaritz's rights, nor is it a "brutal and inhumane abuse of official power." Stockley, 963 F.3d at 818. Yaritz has not plausibly pled a violation of his substantive due-process rights, and the Motion to Dismiss is therefore granted.

**B.      Filing Restriction**

This is Yaritz's third civil-rights action in this District that has been dismissed for failure to state a claim.  See Yaritz v. Minnesota, No. 22cv2320 (NEB/ECW); Yaritz v. Underwriter of Rush City/Moose Lake, No. 23cv49 (WMW/DTS).  According to statute,

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Under the clear language of § 1915(g), Yaritz will be restricted from filing any additional civil lawsuits unless he can establish that he is "under imminent danger of serious physical injury."

Finally, Yaritz remains responsible for paying the full amount of the filing fee for this action under § 1915(b)(1).  The institution where Yaritz is incarcerated is instructed to deduct the filing fee—$350.00—in the manner provided in § 1915(b)(2).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED** for failure to state a claim on which relief can be granted;

2. Plaintiff Harold Yaritz may not file any further civil-rights actions in this District without first establishing that he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g); and

3. Yaritz remains responsible for paying the full amount of the filing fee in this matter under § 1915(b)(1) and the Clerk of Court is **DIRECTED** to provide

notice of this requirement to the authorities at the institution where Yaritz is confined so that they may collect the fee as prescribed by § 1915(b)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 30, 2023                         *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge